# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED
JAN 2 8 2004

| | |
|---|---|
| LEE TRAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| CITY OF CHICAGO, UNIDENTIFIED CHICAGO ) | JUDGE CASTILLO |
| POLICE OFFICER BADGE # 19113, and other ) | 04C 0629 |
| unidentified Chicago police officers, ) | |
| ) | |
| Defendants. ) | |

MAGISTRATE JUDGE KEYS

## COMPLAINT

Plaintiff, by his attorney, states as follows:

### JURISDICTION AND VENUE

1.     The plaintiff brings this action to redress injury done to him by the defendants' intentional deprivation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

2.     The jurisdiction of this court is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.     The deprivation of constitutionally protected rights occurred within the Northern District of Illinois and venue is proper in this district.

### PARTIES

1.     Lee Travis, Jr., is a natural person, resident of the City of Chicago, Cook County, Illinois.

- 1 -

2.　　　Unidentified Chicago Police Officer Badge #19113 is a Chicago Police Officer who, at all times pertinent hereto, acted in his capacity as officer and employee of the City of Chicago Police Department.

3.　　　As yet unidentified defendants are police officers, who at all times pertinent hereto acted in their respective capacities as officers and employees of the City of Chicago and acted under color of law.

4.　　　The City of Chicago is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

## FACTS

5.　　　On August 11, 2002, the Plaintiff and a friend were talking in Washington Park, a public park located at approximately 6301 South Cornell Avenue in Chicago, Illinois..

6.　　　Approximately 15 minutes after Plaintiff arrived at the park, two Unidentified Chicago Police Officers approached Plaintiff and demanded identification from Plaintiff, the friend with whom Plaintiff was talking, and those in the immediate area of Plaintiff. Plaintiff asked the Unidentified Chicago Police Officers why identification was being demanded of him, and one of the Unidentified Chicago Police Officers responded "because all of you are drinking." Plaintiff was not drinking at the time of the arrival of the Unidentified Chicago Police Officers; Plaintiff had not consumed or possessed any alcohol since he arrived in the park that day.

7.　　　Plaintiff told the Unidentified Chicago Police Officers that he had not been drinking, to which one of the Unidentified Chicago Police Officers responded by stating "you're in the presence of those who are drinking, so you're going to get a ticket."

8.　　　Plaintiff verbally protested that he was not drinking and should not receive a ticket, at which time one of the two Unidentified Chicago Police Officers told Plaintiff that he

- 2 -

was under arrest. The two Unidentified Chicago Police Officers each grabbed Plaintiff and threw him to the ground, face first. One of the two Unidentified Chicago Police Officers forcefully pushed Plaintiff's face into the ground, as the two Unidentified Chicago Police Officers handcuffed Plaintiff.

9.      After cuffing the Plaintiff, the two Unidentified Chicago Police Officers picked the Plaintiff up from the ground by the handcuffs, dragged him a few yards and again threw him to the ground.

10.     Approximately five or six minutes after the two Unidentifed Chicago Police Officers threw Plaintiff to the ground for the second time, other Chicago Police Officers arrived by car.

11.     During this time, Unidentified Chicago Police Officer Badge #19113 arrived by car.

12.     Upon seeing a Chicago Police Department Captain approaching, the Plaintiff stood up and said "let me speak to *him* because I do not appreciate being treated like this."

13.     Unidentified Chicago Police Officer Badge #19113 knocked Plaintiff to the ground and kicked and stomped Plaintiff repeatedly on the back and legs, causing Plaintiff great pain and injury.

14.     The Unidentified Chicago Police Officer Badge #19113 kicked and stomped Plaintiff without cause or justification.

15.     The tow Unidentified Chicago Police Officers pushed Plaintiff to the ground and pushed Plaintiff's face into the ground without cause of justification.

16.     As a direct and proximate result of the conduct of the individual defendants. Plaintiff sustained injuries of a personal and pecuniary nature.

17.     The acts, conduct, and behavior of the individual defendants, and each of them, were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the Plaintiff's rights, by reason of which Plaintiff is entitled to an award of punitive damages.

## COUNT I

18.     Plaintiff repeats and realleges paragraphs 1 through 18 as though set forth in full herein.

19.     The defendants, and each of them, used excessive force without cause or justification, or witnessed the use of excessive force, had a reasonable opportunity to intervene and prevent the further use of excessive force, and failed to intervene and prevent the further use of excessive force.

20.     The defendants' conduct against plaintiffs was without probable cause or justification and violated their rights under the Fourth Amendment to the United States Constitution.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against each of the individual named defendants, and that Plaintiff be awarded compensatory damages and punitive damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

## COUNT II

21.     Plaintiff repeats and realleges paragraphs 1 through 18 as though set forth in full herein.

22.     The actions of the individual defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City of Chicago:

- 4 -

23.     The failure to properly investigate allegations of police misconduct, including the use of excessive force.

24.     The failure to properly discipline sustained allegations of police misconduct, including the use of excessive force.

25.     The failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of excessive force.

26.     The failure to hire, train, monitor, and supervise police officers.

27.     Policies, practices and/or customs of the City of Chicago concerning the use of force.

28.     A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and maltreatment of persons, despite their obligation under police department regulations to do so. This conduct includes police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

29.     The aforementioned policies, practices, and customs of failing to supervise, control, and discipline officers, as well as the code of silence which is permitted to exist, are the proximate causes of Constitutional and other legal violations, and Plaintiff' injuries.

30.     The aforementioned policies, practices, and customs individually and together have been maintained and/or implemented with deliberate indifference by the City of Chicago o and have encouraged the individual defendants to commit the aforesaid wrongful acts against

- 5 -

Plaintiff, and therefore acted as a direct and proximate cause of Constitutional and other legal violations, and Plaintiffs injuries.

31.    The above actions by the City of Chicago violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff requests that judgment be entered in their favor and against the defendant City of Chicago, that Plaintiff be awarded compensatory damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

## COUNT III

32.    Plaintiff repeats and realleges paragraphs 1 through 18 as though set forth in full herein.

33.    The above-described conduct placed Plaintiff in fear of immediate battery by the individual defendants and constituted assault under the common law of Illinois.

34.    The above-described harmful, unjustified, and offensive contact by the individual defendants upon Plaintiff constituted battery under the common law of Illinois.

35.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

36.    As a result of the fear of immediate battery, Plaintiff sustained damages.

37.    As a result of the offensive touching, Plaintiff sustained damages.

38.    The individual defendants owed Plaintiff a duty to not assault or batter them as alleged above and violated that duty which is the proximate cause of the Plaintiff injuries.

39.    The defendants acted in concert with a common purpose and contributed to the same indivisible injuries sustained by Plaintiff.

- 6 -

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against the individual defendants, jointly and severally, and that he be awarded compensatory damages, punitive damages, and costs against the individual defendants, and such further relief as this Court deems just.

## COUNT IV

40.     Plaintiff repeats and realleges paragraphs 1 through 18 as though set forth in full herein.

41.     Illinois law 743 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

42.     The defendant police officers are, or were at the pertinent time, employees of the City of Chicago who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against the City of Chicago and that he be awarded compensatory damages, costs, and such further relief as this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury.

**January 27, 2004**                          **LEE TRAVIS, JR.**

By: _____

Ricardo L. Tate

- 7 -

Ricardo L. Tate
Attorney for Plaintiff
70 West Madison, Suite 1400
Chicago, IL  60602
(312) 214-3249

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

**DOCKETED**

JAN 2 8 2004

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): Lee Travis, Jr.**

County of Residence:

Plaintiff's Atty: Ricardo L. Tate

           70 W. Madison, Suite 1400
           312-214-3249

**Defendant(s):City of Chicago, Unidentified Chicago Police Officer Badge #19113, Other Unidentified Chicago Police Officers**

County of Residence:

Defendant's Atty:   Mara S. Georges
                 Corporation Counsel
                 121 N. LaSalle, Room 600
                 312-744-0220

---

II. Basis of Jurisdiction:    **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties **(Diversity Cases Only)**
             Plaintiff:- **N/A**
            Defendant:- **N/A**

# 04C 0629

**JUDGE CASTILLO**

**MAGISTRATE JUDGE KEYS**

IV. Origin :           **1. Original Proceeding**

V. Nature of Suit:      **440 Other Civil Rights**

VI.Cause of Action:     **42 U.S.C. 1983, excessive force by police**

VII. Requested in Complaint
            Class Action:**No**
            Dollar Demand:
            Jury Demand:**Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

**Signature:**

**Date:**   1-27-04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.
Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**

**JAN 2 8 2004**

### EASTERN DIVISION

In the Matter of

LEE TRAVIS v. CITY OF CHICAGO, ET AL.,

Case Number: **JUDGE CASTILLO**

# 04C 0629

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

LEE TRAVIS

**MAGISTRATE JUDGE KEYS**

| (A) | | | (B) | | |
|---|---|---|---|---|---|
| SIGNATURE *Ricardo L. Tate* | | | SIGNATURE | | |
| NAME  Ricardo L. Tate | | | NAME | | |
| FIRM | | | FIRM | | |
| STREET ADDRESS  70 West Madison, Suite 1400 | | | STREET ADDRESS | | |
| CITY/STATE/ZIP  Chicago, IL  60602 | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER  312-214-3249 | FAX NUMBER  312-214-3110 | | TELEPHONE NUMBER | FAX NUMBER | |
| E-MAIL ADDRESS | | | E-MAIL ADDRESS | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  3127732 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | |
| MEMBER OF TRIAL BAR?  YES ☑  NO ☐ | | | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | | |
| TRIAL ATTORNEY?  YES ☑  NO ☐ | | | TRIAL ATTORNEY?  YES ☐  NO ☐ | | |
| | | | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | | |
| (C) | | | (D) | | |
| SIGNATURE | | | SIGNATURE | | |
| NAME | | | NAME | | |
| FIRM | | | FIRM | | |
| STREET ADDRESS | | | STREET ADDRESS | | |
| CITY/STATE/ZIP | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER | FAX NUMBER | | TELEPHONE NUMBER | FAX NUMBER | |
| E-MAIL ADDRESS | | | E-MAIL ADDRESS | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | | | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | | |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | | | TRIAL ATTORNEY?  YES ☐  NO ☐ | | |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | | | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | | |

1-3

# CONTINGENT FEE AGREEMENT

This agreement, executed in duplicate with each party receiving an executed original, is made between Ricardo L. Tate (Attorney) and Travis Lee, Jr., (Client).

The legal services to be provided by Attorney to Client are as follows: representation of Client with respect to a claim of police brutality/excessive force arising from an occurrence on or about August 11, 2002.

The legal services that are **NOT** to be provided by Attorney under this agreement specifically include, but are not limited to, the following: representation of Client with respect to any post-trial matters including any appeal in which the Client is appellant or respondent.

A separate written agreement between Attorney and Client will be required if Client desire that the Attorney provide any other legal services not specifically provided under this agreement.

Attorney will perform the legal services called for under this agreement, keep Client informed of progress and developments, and respond promptly to Client' inquiries and communications. Client will be truthful and cooperative with Attorney and keep Attorney reasonably informed of developments and of Clients address, telephone number, and whereabouts.

The amount Attorney will receive for attorney's fees for the legal services to be provided under this agreement will be:

25% of the net recovery if the recovery is obtained before the filing of a lawsuit;

25% of the net recovery if the recovery is obtained after the filing of a lawsuit but before the arbitration hearing, settlement conference, or trial, whichever occurs first;

33% of the net recovery if the recovery is obtained at or after the arbitration hearing, settlement conference, or trial, whichever occurs first, but before the filing of any Notice of Appeal from a court judgment.

"Net recovery" means the amount remaining after the total amount received (whether by settlement, arbitration award, or court judgment) has been reduced by the sum of all "costs," as defined in this agreement.

If payment of all or any part of the amount to be received will be deferred (such as in the case of installment payments or wage garnishments), the "total amount received," for the purpose of calculating attorney's fees, will be the initial lump-sum payment plus the present value, as of the time of the settlement, final arbitration award, or final judgment, of the payments to be received thereafter. The attorney's fees will be paid out of the initial lump-sum payment. If the initial lump-sum payment is insufficient to pay the attorney's fees in full, then the balance will be paid from subsequent payments of the recovery before any distribution to Client. If there is no recovery, or the recovery is insufficient to reimburse Attorney in full for costs advanced, then Client agrees to pay to Attorney the amount of any unreimbursed costs within 30 days after billing for same by the Attorney.

The Client understand the this attorney's fee arrangement is not set by law but rather is negotiable between the Attorney and Client.

**IF THERE IS NO NET RECOVERY, THEN ATTORNEY WILL RECEIVE NO ATTORNEY'S FEES.**

Attorney may, but is not obligated to, pay any court costs and other litigation costs on Client's behalf in connection with Attorney's representation of Client under this agreement. If Attorney elects to advance any or all of such costs, Attorney will be reimbursed out of the recovery before any distribution of fees to Attorney or any distribution to Client.

"Costs" include, but are not limited to, court filing fees, deposition costs, expert fees and expenses, investigation costs, long-distance telephone charges, messenger service fees, photocopying expenses, and process server fees.

Attorney will not settle Client' claim without the approval of Client, who will have the absolute right to accept or reject any settlement. Attorney will notify Client promptly of the terms of any settlement offer received by Attorney.

Page 2 of  4

Attorney will have a lien for Attorney's fees and costs advanced on all claims and causes of action that are the subject of this agreement and on all proceeds of any recovery obtained (whether by settlement, arbitration award, or court judgment).

Client may discharge Attorney at any time by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on Client' behalf after receipt of the notice. If Attorney is Client's attorney of record in any proceeding, Client will execute and return a substitution of attorney form immediately on its receipt from Attorney. Notwithstanding the discharge, client will be obligated to pay Attorney out of the recovery for all costs advanced. If there is no recovery, or the recover is insufficient to reimburse Attorney in full for costs advanced, then Client agree to pay to Attorney the amount of any unreimbursed costs within 30 days after billing for same by the Attorney.

Attorney may withdraw at any time as permitted under the Rules of Professional Conduct of the Illinois Supreme Court. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following: (a) the Client consents, and (b) the client's conduct renders it uneasonably difficult for the attorney to carry out the employment effectively. In addition, the Attorney may withdraw if Client fails to pay or to incur litigation costs and Attorney declines to advance such costs on Client's behalf. Notwithstanding Attorney's withdrawal, Client will be obligated to pay Attorney out of the recovery a reasonable attorney's fee for all services provided, and to reimburse Attorney out of the recovery for all costs advanced before the withdrawal. If there is no recovery, or the recover is insufficient to reimburse Attorney in full for costs advanced, then Client agree to pay to Attorney the amount of any unreimbursed costs within 30 days after billing for same by the Attorney.

The parties agree that should it become necessary for the Attorney to initiate action to collect from Client any unpaid attorney's fee and/or unreimbursed costs, Client shall be liable for the reasonable costs of collection, including court costs and attorney's fees.

If Client may be entitled to a court award of attorney's

Page 3 of 4

fees pursuant to statute, then Attorney may, but will not be required to, petition the court for such an award. Any amount awarded by the court for attorney's fees shall be credited to the amount due Attorney from the net proceeds, unless the amount awarded by the court exceeds the amount due the Attorney from the net proceeds. In such case, the attorney shall receive the amount of attorney's fees awarded by the court.

Although Attorney may offer an opinion about possible results regarding the subject matter of this agreement, Attorney cannot guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guaranty.

This agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this agreement will be binding on the parties. If any provision of this agreement is held in whole or in part to be unenforceable for any reason, the remainder of the agreement will be severable and remain in effect. This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by each of them.

This agreement will be effective when Attorney receives one signed copy of this agreement from Client, provided the copy is received on or before the 5th day of June, 2003.

CLIENT(S):                                      ATTORNEY:

_____                        _____

8/50 S SHong M 2A    DATE: 5-31-03

DATE: 6/3/03

Page 4 of  4