IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 21 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LEE TRAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 0629 |
| ) | |
| CITY OF CHICAGO, PETAIN LOUIS NAVEZ, ) | Judge Castillo |
| and other unidentified Chicago ) | |
| police officers, ) | |
| ) | Magistrate Keys |
| Defendants. ) | |

### NOTICE OF FILING

TO: J. Ernest Mincy
Assistant Corporation Counsel
30 North LaSalle Street
Suite 1040
Chicago, IL 60602

DOCKETED
JUN 22 2004

PLEASE TAKE NOTICE that on June 21, 2004, the Plaintiff filed with the Clerk of the U. S. District Court, 219 South Dearborn, Chicago, Illinois, the Amended Complaint, a copy of which is hereby served upon you.

Ricardo L. Tate
70 West Madison Street
Suite 1400
Chicago, IL 60602
(312) 214-3249
Attorney No. 38304

### CERTIFICATE OF SERVICE

I, Ricardo L. Tate, an attorney certify that I served a true and correct copy of the attached Notice of Filing upon the party(ies) to whom they are directed, by placing same in the U. S. Mail with proper postage prepaid, at Exchange Avenue and 74th Street, Chicago, IL, on the 21th day of June, 2004, before the hour of 5:00 p.m.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEE TRAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 0629 |
| ) | |
| CITY OF CHICAGO, PETAIN LOUIS NAVEZ, ) | Judge Castillo |
| and other unidentified Chicago police officers, ) | |
| ) | Magistrate Keys |
| Defendants. ) | |

FILED
JUN 21 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JUN 22 2004

## AMENDED COMPLAINT

Plaintiff, by his attorney, states as follows:

### JURISDICTION AND VENUE

1. The plaintiff brings this action to redress injury done to him by the defendants' intentional deprivation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

2. The jurisdiction of this court is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. The deprivation of constitutionally protected rights occurred within the Northern District of Illinois and venue is proper in this district.

### PARTIES

1. Lee Travis, Jr., is a natural person, resident of the City of Chicago, Cook County, Illinois.

- 1 -

2. Petain Louis Navez, Star #19113, is a Chicago Police Officer who, at all times pertinent hereto, acted in his capacity as officer and employee of the City of Chicago Police Department.

3. As yet unidentified defendants are police officers, who at all times pertinent hereto acted in their respective capacities as officers and employees of the City of Chicago and acted under color of law.

4. The City of Chicago is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

## FACTS

5. On August 11, 2002, the Plaintiff and a friend were talking in Washington Park, a public park located at approximately 6301 South Cornell Avenue in Chicago, Illinois..

6. Approximately 15 minutes after Plaintiff arrived at the park, two Unidentified Chicago Police Officers approached Plaintiff and demanded identification from Plaintiff, the friend with whom Plaintiff was talking, and those in the immediate area of Plaintiff. Plaintiff asked the Unidentified Chicago Police Officers why identification was being demanded of him, and one of the Unidentified Chicago Police Officers responded "because all of you are drinking."

7. Plaintiff was not drinking at the time of the arrival of the Unidentified Chicago Police Officers; Plaintiff had not consumed or possessed any alcohol since he arrived in the park that day.

8. Plaintiff told the Unidentified Chicago Police Officers that he had not been drinking, to which one of the Unidentified Chicago Police Officers responded by stating "you're in the presence of those who are drinking, so you're going to get a ticket."

9. Plaintiff verbally protested that he was not drinking and should not receive a ticket, at which time one of the two Unidentified Chicago Police Officers told Plaintiff that he was under arrest. The two Unidentified Chicago Police Officers each grabbed Plaintiff and threw him to the ground, face first. As the two Unidentified Chicago Police Officers handcuffed Plaintiff, one of the two Unidentified Chicago Police Officers forcefully pushed Plaintiff's face into the ground,

10. After cuffing the Plaintiff, the two Unidentified Chicago Police Officers picked the Plaintiff up from the ground by the handcuffs, dragged him a few yards and again threw him to the ground.

11. Approximately five or six minutes after the two Unidentifed Chicago Police Officers threw Plaintiff to the ground for the second time, other Chicago Police Officers arrived by car.

12. During this time, Defendant Navez arrived by car.

13. Upon seeing a Chicago Police Department Captain approaching, the Plaintiff stood up and said "let me speak to *him* because I do not appreciate being treated like this."

14. Defendant Navez knocked Plaintiff to the ground and kicked and stomped Plaintiff repeatedly on the back and legs, causing Plaintiff great pain and injury.

15. Defendant Navez kicked and stomped Plaintiff without cause or justification.

16. The two Unidentified Chicago Police Officers pushed Plaintiff to the ground and pushed Plaintiff's face into the ground without cause of justification.

17. As a direct and proximate result of the conduct of the individual defendants. Plaintiff sustained injuries of a personal and pecuniary nature.

18. The acts, conduct, and behavior of the individual defendants, and each of them, were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the Plaintiff's rights, by reason of which Plaintiff is entitled to an award of punitive damages.

## COUNT I

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though set forth in full herein.

20. The defendants, and each of them, used excessive force without cause or justification, or witnessed the use of excessive force, had a reasonable opportunity to intervene and prevent the further use of excessive force, and failed to intervene and prevent the further use of excessive force.

21. The defendants' conduct against plaintiffs was without probable cause or justification and violated their rights under the Fourth Amendment to the United States Constitution.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against each of the individual named defendants, and that Plaintiff be awarded compensatory damages and punitive damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

## COUNT II

22. Plaintiff repeats and realleges paragraphs 1 through 18 as though set forth in full herein.

23. The actions of the individual defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City of Chicago:

- 4 -

24. The failure to properly investigate allegations of police misconduct, including the use of excessive force.

25. The failure to properly discipline sustained allegations of police misconduct, including the use of excessive force.

26. The failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of excessive force.

27. The failure to hire, train, monitor, and supervise police officers.

28. Policies, practices and/or customs of the City of Chicago concerning the use of force.

29. A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and maltreatment of persons, despite their obligation under police department regulations to do so. This conduct includes police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

30. The aforementioned policies, practices, and customs of failing to supervise, control, and discipline officers, as well as the code of silence which is permitted to exist, are the proximate causes of Constitutional and other legal violations, and Plaintiff' injuries.

31. The aforementioned policies, practices, and customs individually and together have been maintained and/or implemented with deliberate indifference by the City of Chicago o and have encouraged the individual defendants to commit the aforesaid wrongful acts against

Plaintiff, and therefore acted as a direct and proximate cause of Constitutional and other legal violations, and Plaintiffs injuries.

32. The above actions by the City of Chicago violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff requests that judgment be entered in their favor and against the defendant City of Chicago, that Plaintiff be awarded compensatory damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

## COUNT III

33. Plaintiff repeats and realleges paragraphs 1 through 18 as though set forth in full herein.

34. The above-described conduct placed Plaintiff in fear of immediate battery by the individual defendants and constituted assault under the common law of Illinois.

35. The above-described harmful, unjustified, and offensive contact by the individual defendants upon Plaintiff constituted battery under the common law of Illinois.

36. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

37. As a result of the fear of immediate battery, Plaintiff sustained damages.

38. As a result of the offensive touching, Plaintiff sustained damages.

39. The individual defendants owed Plaintiff a duty to not assault or batter them as alleged above and violated that duty which is the proximate cause of the Plaintiff injuries.

40. The defendants acted in concert with a common purpose and contributed to the same indivisible injuries sustained by Plaintiff.

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against the individual defendants, jointly and severally, and that he be awarded compensatory damages, punitive damages, and costs against the individual defendants, and such further relief as this Court deems just.

## COUNT IV

41. Plaintiff repeats and realleges paragraphs 1 through 18 as though set forth in full herein.

42. Illinois law 743 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

43. The defendant police officers are, or were at the pertinent time, employees of the City of Chicago who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against the City of Chicago and that he be awarded compensatory damages, costs, and such further relief as this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury.

June 18, 2004                                          **LEE TRAVIS, JR.**

By: _____
Ricardo L. Tate

Ricardo L. Tate
Attorney for Plaintiff
70 West Madison, Suite 1400
Chicago, IL 60602
(312) 214-3249